IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH E. SMITH,

                Petitioner,

v.

CHRIS BUESGEN,

                Respondent.

ORDER

24-cv-497-jdp

---

    Petitioner Joseph E. Smith, proceeding without counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 after pleading guilty to first-degree child sexual assault and possessing a firearm as a convicted felon in Racine County Circuit Court Case No. 2019CF1101. Dkt. 1. Rule 4 of the Rules Governing § 2254 Cases requires me to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that Smith is not entitled to relief. I may take judicial notice of records in Smith's underlying state court proceedings when reviewing the petition under Rule 4. *See Green v. Warden*, 699 F.2d 364, 369 (7th Cir. 1983). Smith hasn't exhausted state-court remedies, so I will dismiss the petition without prejudice.

    I begin with some background. Represented by attorney Christopher Scott Carson, Smith pleaded guilty to the above offenses. See the docket sheet in the '1101 case. The docket sheets of the state cases are available at https://wcca.wicourts.gov. The circuit court sentenced Smith to 15 years in prison and 5 years of extended supervision. *Id.* Smith's direct appeal of that judgment is pending in the state court of appeals. See the docket sheet in 2023AP1604. Appellate counsel, Brian Mullins, has filed a no-merit report, which is pending decision by the

state court of appeals. *Id.* Smith doesn't appear to have filed a response to the no-merit report. *See id.*

Smith brought his petition during the pendency of his direct appeal in the state court of appeals. Even though Smith lists four claims, I take him to bring just two: (1) his guilty plea was invalid because he's mentally incompetent and didn't receive an adequate mental health evaluation before he pleaded guilty; and (2) Carson provided ineffective assistance by allowing him to plead guilty even though he was mentally incompetent. *See id.*

Section 2254 requires petitioners to "exhaust[] the remedies available in the courts of the State." *See Wilson v. Cromwell*, 58 F.4th 309, 319 (7th Cir. 2023); 28 U.S.C. § 2254(b)(1)(A), (c). To exhaust his federal claims in state court, Smith must assert them "throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in postconviction proceedings." *See Wilson*, 58 F.4th at 319. This "complete round rule" means that Smith must raise his federal claims at each level of the Wisconsin court system, including any level at which review is discretionary instead of mandatory. *See id.*

Smith concedes that his claims are unexhausted. *See* Dkt. 1 at 6–11. I take Smith to contend that he doesn't have to exhaust his claims because Mullins filed a no-merit report. That's inaccurate. If Mullins raised the claims that Smith brings in his petition in the no-merit report, Smith would still have to seek review in the state supreme court of an unfavorable judgment by the state court of appeals. If Mullins didn't raise Smith's federal claims in the no-merit report, Smith would have to file a response to the no-merit report in which he raised those claims, and then Smith would have to seek review in the state supreme court of any unfavorable judgment by the state court of appeals. If Mullins didn't raise Smith's federal claims in the no-merit report, and if Smith could no longer file a response to the no-merit

report, Smith would have to file a postconviction motion in the circuit court bringing his federal claims. Smith would then have to complete a full round of state court review of any unfavorable decision by the circuit court on the postconviction motion.

I will dismiss Smith's petition without prejudice for failure to exhaust state-court remedies. This means that Smith will be able to bring a new § 2254 action once he's exhausted his state-court remedies. Smith's direct appeal is pending, so dismissal of this case will not result in a future petition being dismissed as untimely. *See* 28 U.S.C. § 2244(d)(1)(A) (providing that a judgment of conviction becomes final for statute of limitations purposes when direct review of the judgment ends or when the time for seeking direct review ends). I also note that once § 2244(d)'s one-year statute of limitations starts to run, the time during which a properly filed state postconviction motion challenging Smith's convictions is pending won't count toward that one-year period. *See id.* § 2244(d)(2).

ORDER

IT IS ORDERED that:

1. Petitioner Joseph E. Smith's habeas corpus petition, Dkt. 1, is DISMISSED without prejudice for failure to exhaust state-court remedies.

2. The clerk of court is directed to enter judgment and close the case.

Entered October 7, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge